IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ERIC HAFNER, | : | CIV. NO.  23-22940 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| U.S. MARSHAL FOR THE DISTRICT OF NEW JERSEY, | : | |
| | : | |
| | : | |
| Respondent | : | |

*Pro se* petitioner Eric Hafner (Hafner) petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 seeking to vacate his guilty pleas and have the criminal case against him, *United States v. Hafner*, Docket No. 19-cr-790, dismissed (the Petition). Hafner filed the Petition before the Court entered judgment on his convictions and imposed sentence. Hafner has not yet filed a direct appeal. Because Hafner filed the Petition too early, the Court **DISMISSES THE PETITION WITHOUT PREJUDICE.**

I.  BACKGROUND

The federal government charged, and a grand jury later indicted, Hafner with, among other things, multiple counts of transmitting threats in interstate or foreign commerce and conveying false information about using an explosive device. *Hafner*, 19-cr-790, Docket No. 12. After many unsuccessful motions to dismiss, Hafner's criminal case proceeded to a jury trial. *Id.* Docket Nos. 52, 62, 83-84. But after Hafner's outburst at a *Faretta* hearing following opening arguments, the Court declared a mistrial and ordered Hafner to undergo a

1

competency evaluation.  *Id.* Docket Nos. 84, 87-88.  Following a competency hearing, the Court found Hafner competent to stand trial.  *Id.* Docket Nos. 107-08.

Hafner's case proceeded to trial again.  *Id.* Docket No. 113.  Before *voir dire*, Hafner again sought to represent himself, which the Court denied.  *Id.*  After the Court spent a full day empaneling a jury, Hafner pled guilty to transmitting threats in interstate or foreign commerce, conveying false information about using an explosive device, and transmitting interstate communications with the intent to extort.  *Id.* Docket Nos. 113, 115.

Hafner had a change of heart and moved several times to withdraw his pleas (some *pro se* and some through appointed counsel).  *Id.* Docket Nos. 116, 122, 139, 171, 193.  The Court denied every motion.  *Id.* Docket Nos. 150, 181, 193, 197.  Because of Hafner's multiple attempts to withdraw his guilty pleas, the Court entered a limited filing injunction requiring Hafner's counsel to "seek leave of the Court to address any potential motions not previously decided by [the] Court." *Id.* Docket No. 181.  Undeterred by the filing injunction, Hafner again attempted to withdraw his guilty pleas.  *Id.* Docket No. 204, 210.  The Court denied those motions too.  *Id.* Docket No. 205.

When Hafner refused to appear at sentencing, the Court sentenced him in absentia. *Id.* Docket No. 228.  The Court sentenced him to a total term of 240 months of imprisonment. *Id.* Docket No. 229.

## II.   THE PETITION

A few weeks before the Court entered the final judgment against him and imposed sentence, Hafner filed the Petition seeking to vacate his guilty pleas and have the charges against him dismissed. [Docket No. 1, ¶ 15.] He contends his guilty pleas are invalid because: (1) the District of New Jersey was the improper venue under 18 U.S.C. § 3238; (2) he was

2

denied his federal constitutional right to a speedy trial; (3) he was denied his "Fifth Amendment" and "Due Process" rights to exculpatory evidence because of the government's pre-indictment delay; and (4) he was denied his federal constitutional right to represent himself. [*Id.* ¶ 13.]

### III. DISCUSSION

Hafner improperly filed the Petition under 28 U.S.C. § 2241. "[A] federal prisoner seeking to challenge his conviction or sentence must do so through 'a motion filed under 28 U.S.C. § 2255 in the sentencing court.'" *De Lima v. Acting Warden of FCI Fort Dix*, 2023 WL 7151304, at *1 (D.N.J. Oct. 31, 2023) (quoting *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016)). § 2241 petitions are reserved for challenges to the manner of detention, or in those "unusual circumstances [that] make it impossible or impracticable" to challenge a conviction or sentence in the sentencing court, like if the sentencing court no longer exists. *Jones v. Hendrix*, 599 U.S. 465, 475, 478 (2023).

Here, Hafner does not challenge the manner of his detention. Rather, he challenges the validity of his guilty pleas (and now convictions) and attacks the judicial proceedings before he pled guilty. [Docket No. 1, ¶ 13.] Those challenges must be raised before the sentencing court by a § 2255 motion. *De Lima*, 2023 WL 7151304, at *2. Indeed, the Petition presents no unusual circumstance that make it impossible or impracticable for Hafner to raise his challenges in the sentencing court.

Moreover, the Court will not construe the Petition as a § 2255 motion because such a motion is premature. Indeed, "a collateral attack [under § 2255] is generally inappropriate if the possibility of further direct review remains open." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999); *see also Norman v. Levi*, 305 F. App'x 820, 821 (3d Cir. 2009). This is so

3

"because the disposition of [an appeal] may render a writ of habeas corpus unnecessary." *Glass v. United States*, 2019 WL 4674385, at *1 (D.N.J. Sept. 25, 2019); *see also Bartok v. Warden Loretto FCI*, 609 F. App'x 707, 710 (3d Cir. 2015) (affirming dismissal of habeas petition as premature because of pending appeal).

Hafner has not appealed his convictions or sentence. And his time to appeal has not yet expired. Fed. R. App. P. 4(b). All the challenges Hafner presses in his Petition could be raised on direct appeal. In fact, a habeas petition—like the one Hafner filed—is not a substitute for direct appeal, and claims that could have been raised on direct review, but were not, are procedurally defaulted. G*atson v. United States*, 2021 WL 5770265, at *2 (D.N.J. Dec. 6, 2021); *see also Hinnant v. United States*, 2020 WL 6255415, at *2 (D.N.J. Oct. 23, 2020) ("A petitioner's failure to raise a particular error either at trial or on direct appeal generally precludes the assertion of that error for the first time in a collateral attack under Section 2255." (quoting *Kikumura v. United States*, 978 F. Supp. 563, 574 (D.N.J. 1997))). Thus, this Court dismisses the Petition without prejudice.

IV.   **CONCLUSION**

For the above reasons, and for good cause shown,

**IT IS** on this **20th** day of **December 2023**, hereby:

**ORDERED** that the Petition is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall close this matter; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Petitioner Eric Hafner by regular U.S. mail; and it is finally

4

**ORDERED** that a separate Screening Order will be entered and shall accompany this Order and be mailed to the Petitioner Eric Hafner by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge